### ALFRED SEARS *vs.* ELIZABETH POMEROY & TR.

Washington County. Decided November 30, 1927. This is an action of assumpsit wherein the defendant has obtained a verdict and the case is brought before the Law Court on motion and excep-

tions by the plaintiff. The testimony is comparatively brief but so far as the plaintiff's case and the defendant's case are concerned it is squarely contradictory.

As to the defendant's testimony there is enough in the record to justify the finding of the jury if such testimony is believed by that body. We can not say that the jury so palpably erred that we would be justified in overthrowing their finding as expressed by their verdict.

In argument the plaintiff does not rely so much upon his motion as he does upon the exceptions to certain elements and statements contained in the charge of the presiding justice.

In most courteous and diplomatic language the plaintiff says that, although disclaiming any intention of determining the facts or of expressing any opinion in regard thereto, the presiding justice couched his charge in such mode of expression and by holding up before the jury propositions militating against the plaintiff to such an extent and in such a positive and forceful manner as to convey to the minds of the jury his opinion of the case and that adversely to the plaintiff; that although he did not express his opinion in words the jury felt and knew just what he thought of the case when he had finished his charge. The plaintiff seemed to be particularly aggrieved because, as he claimed, the presiding justice laid too much emphasis upon the reasonableness of trades as a test of truth.

At the close of the charge plaintiff's counsel requested an exception to that part of the charge relating to reasonableness of the claims upon the one side and the other of the case. Following that request the presiding justice said: "You have a right in considering the truth of a statement made by any witness concerning any fact, to judge of its truth by its apparent reasonableness or unreasonableness. You can apply that ruling to the testimony of every witness in this case."

Counsel for plaintiff also requested an exception because the presiding justice quoted in part only from the testimony of the plaintiff. To this request the presiding justice in substance said that he did not assume to quote the entire testimony of any witness; that he had quoted the testimony of the plaintiff according to the latter's claim as to what the contract was; that he had quoted also that part of the plaintiff's testimony which related to the sale; but that the plain-

tiff had testified to a great many other things of detail that the justice could not quote. Finally the plaintiff's counsel stated: "It was not to the fact that you gave instructions as to reasonableness; it was to your instructions as given. If you want my point I don't take exceptions to your instructions to the jury that they should take into account the reasonableness of the situation, but as to your instructions on that, the whole of your instructions on that, I couldn't pick that out now."

We have examined the charge with great care and repeatedly so. We can not take into account any alleged manner, force, inflection, and emphasis used by a presiding justice in the oral delivery of his charge, for we have before us only the colorless printed page, but in reading the record with utmost care, and in the light of the great latitude given by the decisions of the courts of this and other states with regard to the right of the Court to state the positions of the parties, the application of the testimony to those position, and appropriate arguments made upon the one side and the other, we are unable to conclude that the presiding justice in the case at bar transgressed the limits of his duties as the presiding officer in a court where truth and justice are the results to be obtained if possible. Motion and exceptions overruled. *Oscar L. Whalen and Gray & Sawyer*, for plaintiff. *Oscar H. Dunbar and Jonah & McCart*, for defendant.

